Thank you very much, Your Honor. May it please the Court, my name is David Schlesinger. I represent the appellant Hector Manuel Gomez Rodriguez. During the extended sentencing proceedings in this case, the District Court lamented quite openly that it could not sentence Mr. Gomez Rodriguez to what would amount to an upper-end sentence of no more than 57 months. And there's quite good reason why the District Court so lamented, as it observed. It had earlier sentenced Mr. Gomez Rodriguez's brother, Muccio Gomez Rodriguez, to a 41-month term for virtually identical conduct associated with the illicit marijuana growth site in the Sierra National Forest in Madera County. During the final sentencing hearing on September 26, 2022, the District Court stated, after reluctantly concluding that Mr. Gomez Rodriguez was not eligible for safety valve relief, the District Court said, I think the result that flows from that finding is not a fair result in this case. I'm reading from ER-174. I think it leads to an inappropriate disparity in sentencing between the co-defendants in this case. I don't think it's called for, but I feel like… The brother did not have a firearm, correct? Whereas your client admitted during his interview with the United States Probation Officer that he had touched the firearm that was in his location of the growth site. And I assume you were probably present during that interview, right? Usually defense counsel is present during the probation interviews? I did not represent Mr. Gomez Rodriguez in the District Court, Your Honor, but you're correct. His trial counsel, Mr. Amula, did a sentencing counsel, I should state. That is the only distinction between Mr. Gomez Rodriguez and Muccio Gomez Rodriguez. Mr. Gomez Rodriguez acknowledged that he was aware of the presence of the firearm and that he had briefly handled it the day before the law enforcement raid occurred on July 16, 2019. And there was no firearm in the brother's far distant location of the growth site, correct? My understanding, Your Honor, is that the brother, Muccio, denied categorically knowing that any firearms were present at the site, either the, I believe it was a .45 caliber firearm and an appellate gun. Our view, Your Honor, is that if the appellate waiver does not apply, and I'd be glad to argue that point briefly if the court wishes your argument on it, but if the appellate waiver does not apply to bar Mr. Gomez Rodriguez from appealing the safety valve relief conclusion on the merits, this court has long held that to actually establish actual possession, as the district court concluded, the district court did not make a constructive possession finding it solely concluded that Mr. Gomez Rodriguez actually possessed the weapon. Our view is that merely handling a gun and having it located only a few feet from him at the time of the raid was not sufficient to establish the requisite power and intention to control the firearm as this court held in United States Thongis in the related Section 924C1 context. Indeed, we think that the case law in opinions such as Thongis, opinions such as Cazares, would not even establish a rule that would allow constructive possession to be found in this case. A constructive possession language in cases such as Thongis and Cazares has emphasized that the defendant has to have requisite demeaning control over the firearm or contraband in order to even constructively possess it. So we recognize the district court didn't delve into constructive possession because it was determined to avoid having to address the circuit split that exists between the Tenth Circuit and at least six other circuits regarding whether actual possession is required to negate safety valve eligibility under Section 33553F. So if I could briefly... Let me ask you, I looked at the photos, Exhibits 1 through 7 are of Mr. Gomez Rodriguez's portion of the site that had almost 4,500 live marijuana plants growing. And it's literally just a cot and then on some dirt steps, some pots, some pans. The gun was on top of the red book. There was no one else there in that location. So it seems difficult for us to then overturn the factual findings of the district court after the court held a hearing and heard testimony and judged credibility. I would say, Your Honor, that we don't contest the actual factual findings, the most significant one being that the firearm was located approximately five feet from Mr. Gomez Rodriguez at the time of the law enforcement raid. What we do note is that as this court held in cases such as Thongy's, mere presence of the firearm is not sufficient to establish possession. Mere proximity of the firearm is sufficient to establish possession. Association with others involved in, in this case, an illicit marijuana growing enterprise is not sufficient to establish possession. So, you know, but for Mr. Gomez Rodriguez's admission that he had briefly handled the firearm the day before the law enforcement raid, he admitted he handled it on July 15, 2019. The raid happened the following day. This would be an extremely compelling case regarding non-actual possession and indeed non-constructive possession. Let me ask you a question about your Eighth Amendment claim. He was sentenced to the statutory mandatory minimum that's set by Congress, which has the authority to set punishments for federal crimes. Why isn't Congress entitled to some deference in making that determination? And how would the district court's compliance with the federal statute be a violation of the Eighth Amendment? It's certainly an as-applied Eighth Amendment argument we're making here. We're not arguing that Congress lacks authority to promulgate a mandatory minimum sentence in this context. What we're arguing is that under the circumstances of this case involving very slight factual discrepancies between Mr. Gomez Rodriguez's circumstances and Lucio Gomez Rodriguez's circumstances, there ended up being a 79-month disparity between the sentences that the district court meted out to the two brothers. And so under those circumstances, which with the only slight distinction being an awareness of the firearm and a brief handling of it the day before the raid occurred, this vast discrepancy occurred. So what we're arguing is not that Congress lacked the authority to impose a mandatory minimum sentence or that a district court wouldn't have the opportunity under most circumstances to impose a mandatory minimum sentence. We're arguing that in this instance, there's a gross disproportionality between the severity of the offense and the length of the sentence meted out. I notice that my time is running short. You have one minute and 37 seconds. That'll be your rebuttal time. Thank you very much. Thank you.  This court should dismiss Hector Manuel Gomez Rodriguez's appeal because the plain language in the appellate waiver bars his sentencing challenge in this case. If this court reaches the merits, this court should affirm the sentence because the district court did not clearly err in finding Gomez Rodriguez ineligible for safety valve relief. Concomitantly, no Eighth Amendment violation resulted from the imposition of the 10-year mandatory minimum sentence. Your Honor, I'd like to first turn to an argument that my friend on the other side made regarding Muccio Gomez Rodriguez. He stated that the only distinction or there was only one distinction between him and Mr. Gomez Rodriguez in this case.  The facts in the record indicate that Mr. Muccio Gomez Rodriguez did not touch the firearm in question, being, in this case, the .45-caliber firearm found in the cultivation site camp area. Also, Muccio Gomez Rodriguez did not admit to possession of any weapon or touching of any weapon distinct from this case. But aside from the touching of the firearm, it seems that Mr. Gomez Rodriguez's conduct was virtually identical to the co-defendant. So does the touching the firearm in and of itself justify the, you know, 79-month sentence disparity in your view?  Your Honor, the positions that both defendants were in is distinct more than just the touching of the firearm. In this case, Gomez Rodriguez was in the kitchen area where that weapon was found. On the record on page 155, that's within an arm's reach when the officers had arrived to the cultivation site. The placement of Mr. Gomez Rodriguez at that campsite, especially at the time of his arrest, also being by the campsite, within an arm's reach of that loaded .45-caliber weapon increases or enhances the connection to that firearm in addition to the momentary, or in this case, the touching of that weapon. The environment in which Mr. Gomez Rodriguez placed himself by going to that grove for work, as indicated in the record in PSR paragraph 10, shows a substantial connection to that firearm. And the possession was not just the touching. We argue that the possession actually stemmed from his power and intent to control it. So being in the presence of the firearm and the vicinity of the firearm, not just touching it? Not just touching it. It's bigger in scope than simply touching that firearm, Your Honor. Thank you. Mr. Muccio Gomez Rodriguez was also distinct in that he stayed north of the camp area that Gomez Rodriguez— But he stayed even longer, right, than Hector. The brother was at the grove site even longer. That is correct, Your Honor. So in some ways, he's actually more culpable, and he got a significantly less sentence. We disagree respectfully, Your Honor, that he was more—that Muccio Gomez was more culpable, even though he stayed at the grove for a longer period of time. Mr. Muccio Gomez Rodriguez, again, is in a materially distinct position from Gomez Rodriguez in that he did not ever admit to touching that firearm. He was not in the presence of that firearm upon his arrest. And even in the area in which he was coming from, there was no loaded firearm, although there was a pellet gun that was in closer proximity to the area where Muccio Gomez Rodriguez was coming from. Your Honor, referencing the first issue in this case regarding the appellate waiver, the language in the appeal waiver located on the record at page 61 in Section 7, Part B, entitled Waiver of Appeal and Collateral Attack, the third sentence within that first—excuse me, the second sentence within that first paragraph is unambiguous. It reads, quote, The defendant agrees as part of his pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum. The argument from counsel is that the third sentence within that first paragraph somehow vitiates the second sentence and creates an ambiguity. That is not the case. The reading of both the second and third sentence together can be fairly read and does not limit the scope or functionality of the second sentence that clearly includes the word sentence. Your Honor also mentioned— You argue that Mr. Gomez Rodriguez is not able to challenge his sentence, but because he's barred and can't make his Eighth Amendment claim, but the safety valve eligibility determination isn't necessarily a part of sentencing. It's in the sentencing guidelines. It's a factual finding that the district court makes using United States sentencing guidelines. So it seems unclear how that's not part of the sentence itself. Yes, Your Honor. The safety valve of 3553F2 does not increase the range of allowable sentences. In this case, because the lower court found and made a finding based on the facts before it that Mr. Gomez Rodriguez had possessed that weapon, the court found that he— But are you saying safety valve is not a part of sentencing? Your Honor, it is— That seems a bit of an overreach, no? No, Your Honor. We agree that safety valve consideration is a part of the sentence that would be imposed by the court. However, it does not change the statutory mandatory minimum in terms of increasing the statutory maximum, rather, in this case. And because of the district court's findings of possession located on the record, particularly at 172, the court made reference specifically that Mr. Gomez Rodriguez was in possession of that weapon in the nearly 5,000 plant marijuana cultivation site. And even though the court did struggle, as my friend on the other side indicated, by rendering the sentence, it felt compelled to follow the law, as indicated in the record at page 144. Your Honor indicated earlier that Congress has deference regarding the sentence imposed, and we agree Congress does have the ability to create sentencing schemes for crimes. And in this case, Section 841B17 fit the case at bar here in which Mr. Gomez Rodriguez was manufacturing over 1,000 plants. So in relation to a statutory mandatory minimum, Mr. Gomez Rodriguez did receive the statutory mandatory minimum in this case for his conduct at the cultivation site given his time there. If the court has no further questions, we ask this court to dismiss the appeal and, in the alternative, to affirm. Any questions, Judge Thomas? No, thank you very much. Thank you. For all counsel, you are more than welcome to leave time on the table. It's much appreciated. Go ahead, please. Mr. Schlesinger, you have one minute and 37 seconds. Thank you, Your Honor. A couple of brief points. First, following up on the response that my opponent had to the question that Judge Thomas posed, a very significant fact in this case I'd like to emphasize is that during the raid itself, even though the firearm may have been no more than five feet away from Mr. Gomez Rodriguez, rather than reaching for the firearm or making any attempt to use the firearm to counteract law enforcement, he instead attempted to flee. So it was at that key moment when this court is trying to assess whether the district court was correct in finding that there had been adequate power and intention to use the firearm, Mr. Gomez Rodriguez didn't even make any effort to do so. And I would also like to emphasize, as Judge Cope pointed out, that Lucio Gomez Rodriguez was indeed at the site for longer than Mr. Gomez Rodriguez. So in that essence, in that narrow sector of assessing culpability, he was indeed more involved in the Crow operation than Mr. Hector Gomez Rodriguez was. Thank you, your time has expired. Yes, thank you. Thank you very much to both counsel for your helpful arguments. All right, if the counsel for Antonio v. United States would please come forward.
judges: KOH, THOMAS, DESAI